McKinney, J.
delivered the opinion of the court.
At the May term, 1849, of the circuit court of Hardin county, an indictment was founded against the defendant, for an assault and battery. In bar of this prosecution, he pleaded a former conviction before two justices of the peace, under the act of 1848. The plea was demurred to, and on argument the demurrer was overruled, and the defendant discharged.
The ground of demurrer relied on is, that the plea is defective in substance, because it does not show that the justices before whom the defendant was brought, and *432 by whom a fine of five dollars was assessed for the offence heard the evidence in the case.
It is well settled that to constitute the plea of auter fois convict an available defence in bar of another prosecution, the former conviction must have been lawful. If the tribunal had not competent jurisdiction, or the proceedings were illegal, or the indictment were invalid, the conviction will be treated as a nullity. \
Testing the sufficiency of the plea in question by this rule, we think the objection urged by the attorney general is well founded. The jurisdiction conferred on justices of the peace in misdemeanors by the statute, is a limited jurisdiction. And it is of the utmost consequence to the ends of justice, and an efficient administration of the criminal law, that the jurisdiction thus conferred should be strictly confined within its proper limits. The statute is liable to flagrant abuse. The lawless and desperate are emboldened to avenge their own wrongs, real or imaginary, upon the deliberate calculation that, under the provisions of this statute, if they do not escape with impunity, the punishment at most will be little more than merely nominal. Thus the statute' may be made, and already has been made, not only a temptation to the. commission of gross outrage and violence, but a shield and protection to the offender from the punishment to which, by law, he is justly amenable.
The jurisdiction of justices by the statute in question, is wisely restricted to misdemeanors of ordinary character, attended with no circumstances of unusual aggravation. In order that the grade of the offence may be judged of and determined correctly, the justice “shall hear the evidence;” and if it appears to be of the character above indicated, he shall proceed to fine “the offender according *433 to the aggravation of bis offence, n<*jj¡ -ss than two dollars and exceeding fifty dollars.”
. But, “if the offence merit a fine Reding fifty dollars or imprisonment and fine of any aau at, or imprisonment alone.j or if the offence is punishable expressly by both fine -and imprisonment, the justice shall -not render judgment, but proceed as usual,” that- is, to bind the offender overto the circuit court.
In the latter 'cases, the justice no jurisdiction to take the defendant’s submission, or to render a final judg-ement; and should he assume to && so, it, will be treated as a nullity, and will form no |*ar lo a prosecution in the circuit court for the sam$ offence. ‡
The jurisdiction of the justice depend^ upon the facts and circumstances of each particular -case, and to this end, he is required to hear the evidence. It follows, therefore, that to make the plea' of a former conviction before a justice of the peace availablé as a bar to a prosecution in the circuit court for the same offence, the plea must distinctly aver that the justice heard the evidence; the jurisdiction cannot be otherwise ascertained or determined.
Upon this ground, the demurrer to the plea was properly taken and ought to have been sustained. The judgment of the circuit court will be reversed; but, for as much as the evidence is not before us, we cannot affiv the adequate punishment, and, therefore, the case will be remanded to the circuit court, to the end that the proper judgment may be rendered against the defendant, upon hearing evidence as to the circumstances and aggravation of the offence.
Judgment reversed.